We'll call the first case on the calendar of Howard v. Campbell. Good morning. May it please the Court, Charles Benneau appearing for Petitioner and Appellant Jamil Howard. I'd like to reserve two minutes for rebuttal. The issue that I'd like to address today is Argument 1 in our briefing, whether the State Court jury was misled as to the necessary element of conscious disregard for safety to persons necessary to distinguish murder from manslaughter. The jury was misled in this case through prosecutorial misconduct. The theme of the prosecutor's argument from the beginning was that the defendant acted intentionally and therefore was not entitled to a manslaughter verdict. In pursuit of that theme, he had epiphany during the argument. He read the jury instruction on reckless driving out loud and discovered, to his surprise, that it stated, quote, intentional or conscious disregard for the safety of persons or property. He then turned to the jury and told them, quote, so if it's reckless driving, it should be murdered, unquote. Did he say could or should? Should. Should. The State Court of Appeal has held that this was error, and we're here today to argue to you that the effect of the error was prejudicial and that it requires relief in federal habeas corpus. Counsel, would you agree that while we have a prosecutorial misconduct claim before us, we don't have the jury being misled claim pure and simple because COA wasn't granted on that issue? We don't have a COA on the issue of whether the standard jury instructions in California are okay. But what we do have is the question of prosecutorial misconduct, and therefore, and since there's no question that there was prosecutorial misconduct, the effect of the prosecutorial misconduct. Can you help me with that, given that you had an objection that was sustained? There was no further colloquy on the record that I could discern from defense counsel indicating any difficulty or request for anything more than a sustained objection. And there's a short break, and after that, the judge comes back with a curative instruction that nobody objects to or seeks any supplementation of, as far as I can tell. Is that my understanding correct? First of all, there's no requirement in California that there be an objection to jury instruction. So there's the defense counsel was left with what he got in terms of what the counsel reported. Am I correct in understanding, though, that the counsel didn't request any additional changes or in any way express any dissatisfaction with the curative instruction given by the district court? The problem that was being addressed was the defense counsel didn't try to go beyond what the court said. And what the court said was accurate, correct? No. You don't believe that's accurate? No. The curative instruction was wrong for two reasons. One is it broadened the scope of implied malice murder to include acts, all intentional acts, involving knowledge of the risk and a conscious disregard of the risk, which was language that overlapped the reckless driving instruction. And the other thing that it did was it narrowed the scope of manslaughter by restricting it to acts which were performed without realizing the risk involved, unquote. And by restricting manslaughter in that way, it left the jury with no way to reach manslaughter unless they felt somehow the defendant was unaware of the risk, which was almost impossible to reach on this record. So it was confusing because it contradicted what the court had earlier instructed about the definition of reckless driving. Okay. Let's go to the CalJack on reckless driving, the standard instruction, which is 16.840, I believe. That's correct. So it would be helpful to me if you could take that instruction and walk us through what it was in the curative instruction that you believe is at odds with that instruction. Here's the language from 16.840, quote. At the time, I'll skip to the meat of it. At the time, the driver did so with an intentional or conscious disregard for the safety of persons or property. And in the curative instruction, the jury was instructed, if a person causes another's death by doing an act or engaging in conduct in a grossly negligent manner without realizing the risk involved, he may be guilty of vehicular manslaughter with gross negligence. That would be a very narrow category of cases. In other words, you couldn't reach manslaughter unless you had a defendant that didn't realize the risk involved. It's not just the risk to human life, though, is what he says you don't need to be aware of, correct? Well, here they don't say. That's part of the problem. The judge doesn't say risk to what. He just says risk. But immediately preceding it, isn't it obvious what the reference is to? It's the risk of death that he's talking about there. Well, he's talking about – see, this is the problem. He's talking about manslaughter. And supposedly manslaughter doesn't involve a risk to death. So that's – Isn't that exactly the point he was trying to make? No. He doesn't – he leaves the door open so that one can go either way with it. The jury is not led, not clearly instructed whether – about the difference. What is the difference here? What risk are we talking about? And the focus of this, jury deliberation. They were not given another clear basis to distinguish murder from manslaughter. And the prejudice is apparent. The defense counsel conceded in his opening statement, his first words, were that this is gross negligence, vehicular manslaughter. The jury was only instructed on implied malice murder. No other form – so those are the only two options available to it. And yet this jury took three and a half days to reach a verdict. It must have been misled by the prosecutor's argument and then by this instruction, which really only dug the hole deeper. I'd like to reserve my time. Thank you. Thank you. Good morning. Judy Coggin, appearing on behalf of the respondent appellee to the people. I'd really like to indicate that the jury did not indicate that they had any problem with the instructions given in this case, although the deliberations did occur over a period of three days. It was actually only possibly 15 hours or less that they actually deliberated. And when you add up the time that they spent deliberating. Speak a little louder. I'm sorry. Or pull the microphone down. Thank you. I know it's not the most easy to access. In any way, I would like to reiterate that the record does not indicate any problem that the jury had in deliberating. They spent approximately 15 hours doing a deliberation and they indicate by any notes or inquiries to the court that they were having any difficulty in working out the difference of the mental states required for second-degree murder as opposed to the voluntary manslaughter. Your colleague's argument that the supplemental instruction was confusing. I think that you have to read these instructions as required by law in terms of all of the totality of the instructions given. That one sentence given by the court is not confusing to the jury when it was read in conjunction with all of the other instructions given. They were given proper instructions on implied malice murder, second-degree murder. They were given proper instructions on the voluntary manslaughter, gross negligence, and reckless driving. All of the instructions when read in their totality and then viewed against the court's supplement curative quote-unquote instruction statement did not indicate or would not have been ambiguous to the jury under those circumstances, Your Honor. How about just taking it on its own, though? I understand your point. I don't think that even on its own, as you indicated when you were questioning counsel, I think it indicates that what they were talking about is the judge was talking about the statement was directed to when he talks about without, I'm sorry. A person causes another's death by doing an act or engaging in conduct in a grossly negligent manner without realizing the risk involved. The court's statement in terms of the gross negligence does not ‑‑ was not ‑‑ was not related in terms to the conscious disregard that was required for the reckless driving. That's our position in terms of that instruction. The statement was not ‑‑ the court's statement was not addressing the conscious disregard element, Your Honor. But what ‑‑ it sounds there, if you read that, you need intentional or conscious disregard for reckless driving, correct? For persons or property. For persons or property, not for human life. Not for human life. But here it says you could be found guilty for vehicular manslaughter with gross negligence if you didn't realize the risk involved. That's a lower standard. Well, that is a misstatement in terms of without realizing the risk involved. Did not ‑‑ I think when you read it in conjunction with all the other instructions, the court was indicating that without a subjective ‑‑ a subjective risk as opposed to an objective risk required. When you have a reckless driving and voluntary manslaughter, you have a reckless ‑‑ a subjective conscious disregard for persons or property as opposed to an objective risk. I mean, the subjective risk is for implied malice as opposed to an objective risk for reckless driving. I thought in this case the vehicular manslaughter conviction actually did require a subjective element because it required, as you just indicated a moment ago, a conscious disregard for persons or property. That's in terms of the reckless driving. So that is the ‑‑ it's a subjective ‑‑ A subjective test within an objective test. It's kind of a tiered argument. You start up here with the ‑‑ Very tiered, I would agree. So when you come down to the reckless driving, you do, in fact, have to have that actual, you know, subjective risk shown in the evidence thereof. But in terms of the implied malice, it's a higher standard in terms of you have to have an actual subjective risk, actualization of risk of danger to human life as opposed to just merely the persons and property. And as the district court indicated in its findings, and also as the, you know, jury instructions state. Is that what the judge is trying to get at here? Is it with respect to at least vehicular manslaughter, there was no requirement for a conscious disregard of the risk to human life? I think he was trying to get there. Because when you look at the record and all the other instructions they gave, he was trying to supplement the instructions. And if you look at the district court indicated in here, they supplemented all of the instructions in trying to delineate and to separate out the mental and state required for each of the different two crimes so that the jury was not confused about the different levels, the degree of knowledge and the degree of danger posed to the risk, i.e., the risk to human life. Well, what's the consequence in California of a failure of defense counsel to object to a period of instruction? Well, he is then precluded from altering that in regards to the failure to object. So you argue that, that the failure to object to a period of instruction? Yes, I did argue that. I just finished, though. I know you objected on the basis of the independent, with respect to other statements, but clearly counsel here did object initially. It was sustained. But did you object? Have you made the argument that because he didn't object to the curative instruction, there's an independent state basis here? No, because that was never raised in terms of objecting to the curative instruction. And plus, the curative, the instructions given to us. So is that argument gone then? Well, I believe it is. The certificate of appealability did not address the issue of any of the instructions given in this case. The certificate of appealability was for the prosecutorial misconduct, against the backdrop of the instructions being properly given. So if we were to determine it's prosecutorial misconduct, but there was a curative instruction, then the State gets a free pass because there was a curative instruction, even if the curative instruction was defective? No, Your Honor, because the curative instruction was not defective. And you have to look. If it were defective. If it were defective, then you still have to look at the totality of the instructions given in the case. You have to look at the whole picture in terms of finding any kind of prosecutorial misconduct. And there was no prosecutorial misconduct in this case. The statement was a simple misstatement. It was not intentional. There was no unfairness. It was not meant to be. And the court, you know, it wasn't in terms of misconduct. It was a misstatement. And prosecutorial misconduct is not that, that kind of misstatement of law during an argument, which had been sustained and which was then cured by all of the instructions in their totality, plus by the defense counsel's argument. The defense counsel vehemently argued regarding the mental states required to correct any kind of misunderstanding and attempted to clarify as much as possible, as well as the court's instruction to the jury. Does the court have any other questions? It appears not. Thank you. Thank you, Your Honor. Thank you. I'd like to make several points. I have a question for you, defense counsel. You know, there were two parts of the curative instruction. The first one really relates to murder, and the second one relates to the difference between the mental state for reckless driving and the necessary mental state for murder in the second degree. The conscious disregard is for the safety of person or property. For murder in the second degree, the conscious disregard is for the risk of death to human beings. Doesn't that cure any concern you might have over the first sentence? No. That's a meaningless instruction in general, and particularly meaningless in this case. The vehicle involved here was a Dodge Ram V8, and it was being driven at 60 to 70 miles an hour. The idea that this jury could distinguish between safety to persons, that you're merely going to injure a person, versus human life is meaningless, and particularly on this record. That instruction, while it may have been technically correct, gave the jury no help in these circumstances. My son has a big truck like that, and he has a device. If he backs it up at two miles an hour, he might run over one of his kids. So he's got a warning device on it. A motor vehicle of any size, but particularly this one, you cannot run into somebody and say that you were only concerned about safety to property and not their life. It could kill anybody under any circumstances. So that's why we just don't think that helped. It's not a meaningful distinction. The lack of an objection to the jury instruction under California Penal Code Section 1259, that's not the necessary duty of the defense counsel to object. Indeed, Justice Kennedy made a similar observation in the decision Brown v. Payton that we've cited in this case. That little colloquy about subjective versus objective, which seemed rather confusing to me, listening to Judge Gorsuch's questions to the Deputy Attorney General, that was supposed to be a very clear-cut distinction in reading people versus Watson. That's the reason that we – one of the two reasons that we distinguish murder from manslaughter. If you can't distinguish it on the basis of subjective versus objective awareness, there is no – we don't think there's any clear distinction, certainly under these instructions. Thank you. Thank you. Appreciate your argument. Thank both counsel this morning. The case of Power v. Campbell.
judges: Fletcher, McKeown, Gorsuch